```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
IN RE APPLICATION OF WINNET R CJSC,      :    16mc484(DLC)
FOR AN ORDER PURSUANT TO 28 U.S.C.       :
§ 1782 TO CONDUCT DISCOVERY FOR USE IN   :    MEMORANDUM OPINION
A FOREIGN PROCEEDING                     :        AND ORDER
                                         :
---------------------------------------- X
```

APPEARANCES:

For WinNet R CJSC:
David J. Eiseman
Matthew C. Daly
Golenbock Eiseman Assor Bell & Peskoe LLP
711 Third Avenue, 17th Floor
New York, NY 10017

For Siguler Guff & Co., L.P. et al.:
Thomas E.L. Dewey
Keara A. Bergin
Dewey, Pegno & Kramarsky, LLP
777 Third Avenue
New York, NY 10017

DENISE COTE, District Judge:

On April 27, 2017, WinNet R CJSC ("WinNet") filed a motion for reconsideration of the April 13 Opinion quashing subpoenas that had initially been granted ex parte pursuant to 28 U.S.C. § 1782.  In re WinNet R CJSC, No. 16mc484(DLC), 2017 WL 1373918 (S.D.N.Y. Apr. 13, 2017) (the "2017 Opinion").  For the reasons discussed below, WinNet's motion for reconsideration is denied.

## **BACKGROUND**

Familiarity with the 2017 Opinion is presumed.  Only those facts necessary to understand the arguments presented in the

motion for reconsideration are repeated here.  Through a December 21, 2016 ex parte application to the Honorable Katherine Polk Failla, WinNet sought to take discovery from Siguler Guff & Co., L.P. for use in civil and criminal proceedings in Russia.  The Russian proceedings arise out of WinNet's leases of real estate to Femida Ltd. ("Femida") and the transfer of those leases to Femida Nedvizhimost Ltd. ("Femida Real Estate").

The 2017 Opinion assumed that WinNet had narrowly met the statutory "for use" requirement of 28 U.S.C. § 1782 and that the Intel factors "did not weigh significantly in WinNet's favor." The Court then exercised its discretion to quash the subpoenas because "WinNet was not candid when it made its ex parte application" and "did not adequately inform the court of adverse rulings that significantly undermined its application."  "[I]f a § 1782 application is made in bad faith, for the purpose of harassment, or unreasonably seeks cumulative or irrelevant materials, the court is free to deny the application in toto." Mees v. Buiter, 793 F.3d 291, 302 n.18 (2d Cir. 2015) (citation omitted).  See also Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1101 n.6 (2d Cir. 1995).  This finding was the dispositive factor in denying the requested discovery.  WinNet moved for

reconsideration on April 27.[1]  The motion became fully submitted on May 19.

**DISCUSSION**

The standard for granting a motion for reconsideration is "strict."  Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted) (discussing a motion under Rule 59(e), Fed. R. Civ. P.).  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  Id. (citation omitted).  "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).  It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  Analytical

---

[1] WinNet also requested permission under Local Rule 6.3 to submit a declaration and exhibits reflecting "updates and newly-available documents to the Court."  The request was denied pursuant to Local Rule 6.3 on April 28, and a May 4 endorsement clarified that the declaration and exhibits would also not be considered under Rules 59(e) and 60(b).

Surveys, 684 F.3d at 52 (citation omitted).

WinNet's application for foreign discovery was denied as an exercise of this Court's discretion, noting that this was an unusual case. As noted above, WinNet failed to "adequately inform [Judge Failla] of adverse rulings that significantly undermined its application." In re WinNet R CJSC, 2017 WL 1373918, at *9. Nothing in WinNet's motion for reconsideration suggests that the 2017 Opinion overlooked controlling law or contains an error of law. Nor does the motion present any basis to revisit the conclusion in the 2017 Opinion that WinNet "did not frankly or fully describe the adverse Russian rulings." Id. WinNet makes three primary arguments on reconsideration, only one of which addresses the dispositive issue.

WinNet first argues that the discovery would be "for use" in the criminal proceedings because "[r]ecently-issued documents in the criminal case show that the Russian criminal case is ongoing."[2] But this new evidence is immaterial because it does

---

[2] The Court declined to consider WinNet's affidavit and accompanying declarations submitted with its motion for reconsideration because this submission was inappropriate on a motion for reconsideration and because these materials speak to the statutory "for use" requirement, and not to the grounds upon which the application was denied. For the same reason, WinNet's contention that an opportunity for oral argument on the motion to quash would have allowed it to dispute SG's evidence indicating that the criminal case was closed is immaterial.

4

not address the reason the application was denied.  The 2017 Opinion assumed that WinNet could meet the statutory "for use" requirement, and denied the application on discretionary grounds.

WinNet also argues that the 2017 Opinion improperly credited SG's interpretations of Russian law, while discounting WinNet's interpretations.  But, the 2017 Opinion did not resolve conflicting interpretations of foreign law as set out in the lawyers' affidavits, or rule that the evidence sought through the § 1782 subpoenas would be inadmissible in Russian courts.  In finding that Russian courts had rejected WinNet's claim that Femida's reorganization was done in bad faith, the Opinion quoted directly from the Russian court decisions.[3]

WinNet observes that "SG is a highly sophisticated party, and WinNet had every reason to believe that if SG had objections, it would raise them on a motion to quash, as it did."  From this, WinNet argues that its failure to make an "adequate disclosure of the material facts" in its ex parte application should not be construed as an effort to obtain some advantage.  This is not an issue of due process, as WinNet would

---

[3] WinNet does not contend that the translations of the Russian court decisions are inaccurate.

have it understood, but an issue of the obligations imposed on WinNet and any litigant appearing in an ex parte proceeding. An attorney has a duty of candor at all times, see Hollingsworth v. Perry, 133 S. Ct. 2652, 2672 (2013), and a heightened duty to disclose all material facts in an ex parte proceeding, see New York Rules of Prof'l Conduct R. 3.3(d) (2017).

WinNet does point out one error in the factual recitation of the Russian proceedings in the 2017 Opinion. This error does not require reconsideration and WinNet does not suggest that, by itself, it would. The 2017 Opinion stated that WinNet "only described [the Reorganization Case] as part of a chart that had seven entries purporting to list the relevant actions it had commenced in Russia (the Chart)" and did not disclose that this lawsuit "challenged the legitimacy of the reorganization." WinNet correctly notes that the Chart contained a column labeled "Statement of Claim" which referenced "Exhibit 8." Exhibit 8 in turn contains the "Statement of Claim" for the Reorganization case, which sets out WinNet's allegations that Femida's reorganization was committed in bad faith in order to avoid making lease payments.

The inclusion of the Statement of Claim in the application does not change the core analysis in the 2017 Opinion. WinNet's disclosures regarding the Reorganization Case were wholly

inadequate.  For example, WinNet did not attach the multiple adverse decisions relating to the Claim, issued on April 22, July 1, and November 2 of 2016, all of which were issued before its December 21, 2016 § 1782 application to Judge Failla. Because of these omissions, SG was forced to translate and submit these critical decisions to this Court as part of its motion to quash.  Nor did it adequately convey through other means the extent to which its claims in the Russian courts had been rejected.  WinNet failed to address in its brief in opposition to the motion to quash the omissions and mischaracterizations that were central to its <u>ex parte</u> application for foreign discovery.  Its attempt to do so in this motion for reconsideration is untimely, and in any case, unsuccessful.

## Conclusion

　　WinNet's April 27, 2017 motion for reconsideration is denied.

Dated:　　New York, New York
　　　　　June 23, 2017

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　DENISE COTE
　　　　　　　　　　　　　　United States District Judge

7